UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ASSETS OVERSEAS, LLC,

    Debtor.
_____/

Case No. 15-13093-EPK

Chapter 11

### DEBTOR-IN-POSSESSION'S MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 USC §363

Debtor-in-Possession, ASSETS OVERSEAS, LLC ("Debtor"), by and through its undersigned proposed counsel, files this Motion for Interim Authority to Use Cash Collateral pursuant to 11 USC §363 and in support thereof states:

**Jurisdiction**

1.    This Court has jurisdiction over this motion pursuant 28 USC §157 and §1334. This is a core proceeding pursuant 28 USC §157(b). Venue is proper before this Court pursuant 28 USC §1408 and §1409.

2.    Relief is requested pursuant 11 USC §105 and §363 and Rule 4001(d)(1)(D).

**Background**

3.    On February 19, 2015, Debtor filed its voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code.

4.    *Company Information.* Debtor is a real estate investment firm organized under the laws of Delaware, with its principal place of business in Palm Beach County, Florida.

5.    Debtor's business activities include purchase of real property in and around Palm Beach County, Florida for the purpose of lease and/or resale.

6.    Accordingly, Debtor is not a small business debtor, as defined in 11 USC

§101(51D), inasmuch as Debtor is "a person whose primary activity is the business of owning or operating real property or activities incidental thereto."

7. Debtor is operating its business and managing its assets as a debtor-in-possession pursuant 11 USC §§1107(a). As of the date of this filing, no trustee, examiner, or committee has been appointed in this case.

8. *Bank Accounts.* Debtor has provided BB&T Bank with documents and information required for establishing its Debtor-in-Possession bank account, and the bank representative has indicated said account will be open and available for use on Monday, February 23, 2015.

9. Debtor has also attempted to close its existing bank account at Chase Bank but was advised that a recently deposited check is in the process of clearing. According, Debtor will transfer all funds from its prepetition account to the DIP account on February 23, 2015. Once the recent deposit clears, Debtor will transfer said funds to the DIP account and close the Chase Bank account.

10. Debtor has no other bank accounts.

11. Currently, Debtor has very little cash collateral: less than $5,000. Monthly rents anticipated to be received by Debtor for March, 2015, are detailed in ***Exhibit "A."***

### Relief Requested

12. Debtor seeks an interim order authorizing Debtor to use cash collateral pursuant 11 USC §363.

13. Certain real property of the estate will require repairs in order to be rentable. According, Debtor will detail the required repairs, provide cost estimates, and propose the source of funding in a subsequent motion for final order authorizing use of cash collateral.

**Basis for Relief Requested**

14. Debtor's cash collateral comes exclusively from rents received from residential tenants.

15. In order for such rents to be collected, Debtor must pay costs associated with property management.

16. Accordingly, costs incurred by Debtor are properly chargeable against cash collateral as reasonable, necessary costs and expenses of preserving the estate.  11 USC 506(c) and 11 USC §552(c).

17. For this interim order, Debtor does not seek authority to pay employee salaries. Currently, Debtor's only employees are its members.  Further, Debtor does not at this time seek authority to pay professional fees of any kind.

18. However, Debtor will be required to make payment of expenses such as monthly association dues, property taxes, and insurance.  *See* budget attached as **Exhibit "A."**

19. *Adequate Protection*.  Debtor is owner of 17 properties, all of which are upside-down with respect to the mortgages.  Debtor has no non-insider unsecured creditors. Accordingly, all of Debtor's creditors are undersecured.

20. The United States Supreme Court held in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 366 (1988), that an undersecured creditor is not entitled to post-petition interest payments on its collateral as adequate protection.

21. Moreover, the rule in Florida, as a "Lien Theory" state, is that rents are considered property of the debtor-mortgagor's estate such that a creditor-mortgagee has no entitlement to same, absent specific circumstances not present in the instant case. *In re Villamont-Oxford Associates Ltd. Partnership,* 230 B.R. 445 (Bankr. M.D. Fla.

1998)("Generally, a mortgagor is not accountable to the mortgagee for rents."); *Matter of Hamlin's Landing Joint Venture,* 77 B.R. 916 (Bankr. M.D. Fla. 1987)("mortgagee is not entitled to any of the rents and profits derived from the property unless the mortgagee obtained an order of sequestration or actually took possession of the subject property either by consent or by the appointment of a receiver.");[1] *In re Federal National Mtg. Ass'n v. Dacon Bolingbrook Associates Limited Partnership,* 153 B.R. 204, 214 (N.D. Ill. 1993)("the required adequate protection of Rents is satisfied to the extent the Debtor reinvests the Rents in the operation and maintenance of the property . . ."); *In re Princeton Square Associates, L.P.,* 201 B.R. 90 (S.D. N.Y. 1996)("In the context of rents, this court concludes that no monetary protection is required to be provided by the debtor in possession to the secured creditor to the extent that the rents are applied for the maintenance of the property in the manner a receiver would apply the rents").

22. Debtor intends to use it cash collateral for payment of the necessary and ordinary operational expenses itemized in its proposed budget. *See* **Exhibit "A."**

23. Moreover, the market values of the properties of the estate--as, indeed, the real estate market generally--have been steadily on the rise since Debtor took title to same such that devaluation of the collateral during the pendency of this case is highly unlikely. *In re Putnal*, 483 B.R. 799, 803 (Bankr. M.D. GA 2012) ("The court noted that a creditor is adequately protected as long as the value of its collateral is not declining")(citing *In re Wrecclesham Grange, Inc.*, 221 B.R. 978 (Bankr. M.D. Fla. 1997)).

24. Further, the security agreements pertinent to the properties in the estate are all residential mortgages that do not contain clauses for assignment of rents. As such, the undersecured creditors have no contractual basis for a security interest in future rents.

---

[1] Judge Weaver has found an additional exception to this rule which, however, does not apply to the instant case. *In re 163rd Street Mini Storage, Inc.*, 113 B.R. 87 (Bankr. S.D. Fla. 1990); *In re River Oaks Inv. Corp.,* 152 B.R. 684 (Bankr. S.D. Fla. 1993).

25.  Accordingly, Debtor's creditors are adequately protected without the need for any post-petition payments from Debtor at this stage of the proceedings.

26.  Allowing the use of cash collateral is in the best interest of all parties to this case and is necessary for the success of this reorganization.

WHEREFORE, Debtor requests an Order of this court authorizing the use of cash collateral, scheduling a hearing on the same, and granting such other relief as this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 23rd day of February, 2015, as described in the certificate of service.

Submitted by:

**Jeffrey Harrington, Esq.**
HARRINGTON LAW ASSOCIATES PLLC
100 S. Olive Avenue
West Palm Beach, FL 33401
T: (561) 253-6690
F: (561) 429-8488
E: jeff@myhlaw.com

_/s/ Jeffrey Harrington_
FL Bar No. 55981