

ORDERED in the Southern District of Florida on March 4, 2015.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ASSETS OVERSEAS, LLC,                    Chapter 11

    Debtor.
_____/          Case No.: 15-13093-EPK

### ORDER GRANTING DEBTOR-IN-POSSESSION'S MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FINAL HEARING AND SCHEDULING FINAL HEARING

**THIS MATTER** came before the Court for hearing on March 2, 2015, upon Assets Overseas, LLC's (the "Debtor") *Motion for Interim Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363* (the "Motion") [ECF No. 9] and upon the *Objection to Motion for Interim Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363* filed by Creditor Sandalwood Homeowners Association, Inc. (the "Sandalwood Objection") [ECF No. 16] and the *Objection to Debtor-in-Possession's Motion for Interim Authority to Use Cash Collateral Pursuant to 11 U.S.C. §363* filed by Creditor Canyon Isles Homeowners Association (the "Canyon Isles Objection") [ECF No. 30]. The Court, having considered the matter, the argument of counsel,

{1690/000/00125686}

and the record in this case, having been advised that the Sandalwood Objection was being withdrawn as the Debtor was not proposing to use any cash collateral subject to the alleged liens of Sandalwood does hereby

**ORDER AND ADJUDGE** as follows:

1. The Motion is **GRANTED** on an interim basis subject to a final hearing.

2. The Canyon Isles Objection is overruled with respect to the Debtor's interim use of cash collateral.

3. Use of Cash Collateral. The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business only for the purposes contained in the budget attached as **EXHIBIT A** through and including March 12, 2015. The Debtor is also authorized: (i) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

4. Pre-Petition Obligations. To the extent the Budget contemplates the payment of pre-petition obligations of the Debtor, this Order shall not be construed to authorize payment of such pre-petition obligations absent further authorization of this Court.

5. Replacement Liens. Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtor grants in favor of all of its secured creditors holding valid secured claims, as security for all indebtedness that is owed by the Debtor to those secured creditors, under the secured documentation, but only to the extent that a secured creditor's cash collateral is used by the Debtor, a post-petition security interest and lien in, to and against any and all assets

of the Debtor, to the same extent and priority that each secured creditor held a properly perfected pre-petition security interest in such assets; provided that, however, under no circumstances shall any secured creditor have a lien on any causes of action arising under 11 U.S.C. § 542 *et seq.*, 547, 548, 549, 550, 551, or any of the Debtor's assets that it did not have a right to pre-petition.

6. Duration. The use of cash collateral provisions in this Order shall remain in effect until March 12, 2015, or until otherwise ordered by the Court. The terms of this Order are granted on an interim basis, without prejudice to any secured creditor objecting to the Debtor's use of cash collateral for purposes outside of its ordinary course, and for line items within the Budget that are subject to a separate motion.

7. Final Hearing. This Court shall hold a final hearing on cash collateral on **March 12, 2015, at 2:00 p.m.** at the United States Bankruptcy Courthouse, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, West Palm Beach, Florida 33401.

###

Submitted by:

Paul L. Orshan, Esq.
Proposed Counsel for the Debtor
1 Southeast 3rd Ave., Suite 1445
Miami, FL 33131
Telephone: (305) 529-9380
Facsimile: (305) 402-0777
paul@orshanpa.com

Copy to: Paul L. Orshan, Esq.
[Attorney Orshan is directed to serve a copy of this Order upon all interested parties.]

# Exhibit "A"

| CASH BUDGET (to March 15th) ADDRESS | INCOME | OTHER | HOA | TAXES | INSURANCE | FPL | WATER | STATUS |
|---|---|---|---|---|---|---|---|---|
| Office Rent (12773 W. Forest Hill Blvd. 170) | $0 | $1,586 | | | | $141.55 | $0 | Bainbridge |
| 21856 Arriba Real G | $0 | | | | | $48.52 | $0 | *Listed for rent |
| 6094 Forest Hill Blvd 101 | $0 | | $0 | | | $144.18 | $100 | *Listed for rent |
| 1035 Fairfax Circle W | $0 | | $0 | | | $50.00 | $85 | *Listed for rent/sale |
| 6425 Lansdowne Circle | $0 | | $0 | | | $50.00 | $145 | *Listed for rent/sale |
| 5775 Fernley Dr. W 93 | $0 | | $0 | | | $50.00 | | *Pending HOA's Authorization |
| 2311 Center Stone Ln | $0 | | $0 | | | $50.00 | | *Pending HOA's Authorization |
| 13355 54th Ln. N | $0 | | $0 | | | | | *Pending repairs |
| 10821 N. Military Trail 18 | $0 | | $0 | | | | | *Pending repairs |
| 5725 Maypop Road | $950 | | $0 | | | | | |
| 2224 White Pine Circle A | $0 | | $300 | | | $109.84 | | |
| 3393 10th Avenue N. | $1,000 | | $0 | | | | | |
| 1222 Imperial Lakes Drive | $1,250 | | $170 | | | | | |
| 3239 Gardens E. Drive B | $0 | | $0 | | | | | |
| 12667 70th Place N | | | | | | $50.00 | | |
| 6356 Bengal Circle | $1,800 | | $50 | | | | | |
| 2706 Danforth Terrace | $2,750 | | $670 | | | | | |
| 11134 Misty Ridge Way | $2,950 | | $308 | | | | | |
| | $10,700 | $1,586 | $1,498 | $0 | $0 | $694 | $330 | |

*Per industry standard, 10% of the monthly rent for